**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

CANDICE DIPAOLO, individually and on behalf of all others similarly situated,

*Plaintiff*,

vs.

AVATAR PARTNERS INC. d/b/a TOTAL MED SOLUTIONS,

*Defendant*.
_____________________________________________/

**CLASS ACTION**

**Case No.**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

1. Plaintiff, Candice DiPaolo ("Plaintiff"), brings this action against Defendant, Avatar Partners Inc. d/b/a Total Med Solutions ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Texas Business and Commerce Code § 302.101 ("TBCC").

## NATURE OF THE ACTION

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA") and the Texas Business and Commerce Code § 302.101 ("TBCC").

3. This case arises from Defendant's transmission of multiple unauthorized text messages to cellular telephones and violations of the National Do Not Call Registry of Plaintiff and others, without regard to consumers' consent or privacy rights.

4. Defendant is a medical spa company that provides aesthetic, cosmetic, and wellness services to consumers, and chronic pain management, throughout the United States including the State of Texas.

5. To promote its services, Defendant engages in aggressive unsolicited telemarketing, harming thousands of consumers in the process. Defendant utilizes aggressive marketing to push its products and services without regards to consumers' rights under the TCPA and TBCC.

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of herself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

7. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present. This Court also has supplemental jurisdiction over Plaintiff's Texas state law claims under 28 U.S.C. § 1367.

8. Venue is proper in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is headquartered in this District,

Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services from within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred from within the Western District of Texas and, on information and belief, Defendant has sent the same telemarketing text messages complained of by Plaintiff to other individuals from within this judicial district, such that some of Defendant's acts in sending such texts have occurred from within this district, subjecting Defendant to jurisdiction in the Western District of Texas.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

9. In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

10. The TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).

11. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

12. Under the TCPA, a text message is a "call." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951–52 (9th Cir. 2009).

**TEXAS BUSINESS AND COMMERCE CODE CHAPTER 302**

13. Recognizing the particular harm that unsolicited telemarketing poses, the Texas Legislature enacted Chapter 302 of the Texas Business and Commerce Code, which requires

"sellers" making "telephone solicitations"—telephone calls initiated to induce a person to "purchase, rent, claim, or receive an item"—to register with the Texas Secretary of State. Tex. Bus. & Com. Code §§ 302.001, 302.101.

14. Specifically, Section 302.101 provides that a "seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a).

15. "'Telephone solicitation' means a "a call or other transmission, including a transmission of a text or graphic message or of an image, initiated by a seller or salesperson to induce a person to purchase, rent, claim, or receive an item. The term includes a telephone call a purchaser makes in response to a solicitation sent by mail or made by any other means." Tex. Bus. & Com. Code § 302.001(7)

16. A "seller" is defined as "a person who makes a telephone solicitation on the person's own behalf." Tex. Bus. & Com. Code § 302.001(5).

17. Plaintiff is entitled to seek damages for violations of Texas Business and Commerce Code § 302.101 of up to $5,000 per violation, reasonable costs of prosecuting the action, court costs, investigation costs, deposition expenses, witness fees, and attorney's fees. Tex. Bus. & Com. Code § 302.302.

## PARTIES

18. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Washington, District of Columbia.

19. Plaintiff is, and at all times relevant hereto was, an individual and the sole subscriber of the residential telephone number ending in 2310 (the "2310 Number") that received Defendant's text message solicitations.

20. Defendant's principal address is located at 6101 Windcom Ct., Suite 300, Plano, TX 75093.

21. Defendant directs, markets, and provides its business activities throughout the United States, including the State of Texas.

22. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTUAL ALLEGATIONS

23. Defendant is a medical spa company that provides aesthetic, cosmetic, and wellness services to consumers, including chronic pain management, throughout the United States including the State of Texas.

24. Beginning at least in March 2026, Defendant sent or caused to be sent multiple telemarketing text messages to Plaintiff's 2310 Number, from telephone number (817) 510-7568.

25. Plaintiff received messages on the following dates, including but not limited to those sent on March 3, 2026, March 19, 2026, April 3, 2026, April 4, 2026, April 27, 2026, May 1, 2026, May 19, 2026, June 16, 2026, June 27, 2026, July 3, 2026, July 5, 2026, and August 5, 2026, as shown below:

11:54 92°

(817) 510-7568

**Why this looks like spam**

Similar messages you received were identified as spam. Google keeps your personal information private, safe, and secure.

Not spam

Tuesday, Mar 3 • 1:01 PM

Texting with (817) 510-7568 (SMS/MMS)

Total Med: Spring cosmetic injectable specials are now available. Buy now and refresh your look at Total Med Solutions today: https://nxe.to/goKGrNU

Thursday, Mar 19 • 1:02 PM

Total Med: Struggling with thinning hair or joint discomfort? Discover advanced regenerative care at Total Med Solutions - Learn More: https://nxe.to/YGbb2Gc

Friday, Apr 3 • 4:47 PM

Total Med: 3-Day Only Easter Flash Sale! IPL Full Face $99, HydraFacial $129, 40 units Botox or 100 units Dysport $399. Shop Now: https://nxe.to/7w1uOst

Saturday, Apr 4 • 12:02 PM

Total Med: Easter Flash Sale Ends in 48hrs! IPL Full Face $99, HydraFacial $129, 40 units Botox or 100 units Dysport $399. Shop Today: https://nxe.to/Oa2snps

Monday, Apr 27 • 1:02 PM

Total Med: April Specials end in 3 Days! 40 Units Botox, 100 Units Dysport $399. SkinPen starting at $229 & More! Shop Now: https://nxe.to/7HvMUZY

Friday, May 1 • 5:06 PM

Total Med: Celebrate Mother's Day all Month! Big Savings on Botox, Fillers, Aesthetic Services & More. Limited time-Shop Now: https://nxe.to/vUGqCMJ

Friday, May 1 • 5:06 PM

Total Med: Celebrate Mother's Day all Month! Big Savings on Botox, Fillers, Aesthetic Services & More. Limited time-Shop Now: https://nxe.to/vUGqCMJ

Tuesday, May 19 • 1:02 PM

Total Med: Memorial Day deals are live! Exclusive eyebrow transplant specials + Mother's Day offers ending soon. See Offers: https://nxe.to/jPWsfb8

Tuesday, Jun 16 • 1:01 PM

Total Med: Father's Day Savings Are Here! Limited-time offers on men's wellness and confidence-boosting services. Book Today: https://nxe.to/891AW4e

Saturday, Jun 27 • 12:01 PM

Total Med: 3-Day Injectable Flash Sale! 20 units Botox or 50 units Dysport for $173 Only. Shop now: https://nxe.to/w4n1Rot

Friday, Jul 3 • 12:01 PM

Total Med Solutions: July 4th Special Offers are Now Available including 20 units Botox or 50 units Dysport for $173! Shop now: https://nxe.to/jRM4Qai

Sunday, Jul 5 • 2:01 PM

Last Chance 2 Save! 20 units Botox or 50 units Dysport for only $173, plus more at Total Med Solutions. Ends Tonight!. Shop now: https://nxe.to/s6dQwp1

Wednesday • 1:31 PM

Total Med Solutions: Final Summer Sale is LIVE! Enjoy exclusive savings on Botox, Fillers, Q-Switched, Plasma IQ pen & more. Shop now: https://nxe.to/TWLZlvM

11:54 AM

Stop

11:54 AM SMS

Text message

26. Defendant's text messages were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

27. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., promoting Defendant's aesthetic, cosmetic, and wellness services.

28. The information contained in the text messages advertises Defendant's procedures and promotions, which Defendant sends to promote its business.

29. Defendant sent the subject texts from within this judicial district and, therefore, Defendant's violations of the TCPA occurred from within this district. Upon information and belief, Defendant caused other text messages to be sent from within this judicial district.

30. Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

31. Plaintiff has no existing business relationship with Defendant.

32. At no point in time did Plaintiff provide Defendant with her express written consent to be contacted.

33. Specifically, Plaintiff never completed any type of form that clearly and conspicuously authorized Defendant to contact Plaintiff's residential cellular telephone with marketing text messages.

34. Plaintiff is the subscriber and sole user of the 2310 Number and is financially responsible for it.

35. Plaintiff's 2310 Number is her residential number which she uses for personal purposes. Plaintiff's 2310 Number is her primary way of being contacted in her home.

36. Plaintiff registered her 2310 Number with the national do-not-call registry on November 3, 2024, and has been registered at all times relevant to this action.

37. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

38. The text messages originated from telephone number (817) 510-7568, number which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

39. On information and belief, Defendant sought a financial benefit from the telemarketing text messages it placed to Plaintiff and the putative class members, as it attempted to derive business from these messages.

40. Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to her daily life.

## TEXAS TELEPHONE SOLICITATION REGISTRATION VIOLATIONS

41. On October 27, 2026, Plaintiff's counsel searched the Texas Secretary of State website at https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp and found no telephone solicitation registration for Defendant.

42. Defendant has never been registered to telephone solicit in Texas or to Texas residents.

43. Each text message alleged herein was sent without a valid Texas telephone solicitation registration.

44. Defendant does not qualify for an exemption to the Texas telephone solicitation registration requirement.

## CLASS ALLEGATIONS

### PROPOSED CLASSES

45. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

46. Plaintiff brings this case on behalf of the classes defined as follows:

> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; and (4) for the purpose of promoting Defendant's products and services.**

> **Texas Telephone Solicitation Registration Class: All persons in the United States who, from four years prior to the filing of this action, (1) received a telephone solicitation, as defined by Tex. Bus. & Com. Code § 302.001(7), made from a location in Texas or by or on behalf of a seller whose business location was in Texas; (2) for the purpose of selling Defendant's products and services; and (3) at a time when Defendant did not hold a valid telephone solicitation registration certificate issued by the Texas Secretary of State pursuant to Tex. Bus. & Com. Code § 302.101.**

47. Defendant and its employees or agents are excluded from the classes. Plaintiff does not know the number of members in each class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

48. Upon information and belief, Defendant has sent violative text messages to cellular telephone numbers belonging to thousands of consumers throughout the United States who are registered on the Do Not Call registry. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

49. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's text messages records.

**COMMON QUESTIONS OF LAW AND FACT**

50. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are:

a) Whether Defendant violated 47 C.F.R. § 64.1200(c);

b) Whether Defendant violated the TBCC;

c) Whether Defendant was registered to make telephone solicitations in Texas pursuant to Tex. Bus. & Com. Code § 302.101;

d) Whether Defendant's conduct was knowing and willful;

e) Whether Defendant violated the privacy rights of Plaintiff and members of the class;

f) Whether Defendant is liable for damages, and the amount of such damages; and

g) Whether Defendant should be enjoined from such conduct in the future.

51. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

52. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

53. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

54. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

55. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

56. Plaintiff repeats and re-alleges paragraphs 1 through 55 of this Complaint and incorporates them by reference herein.

57. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

58. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

59. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

60. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

61. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003). Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

62. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

63. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**COUNT II**
**Violation of the TBCC § 302.101**
**(On Behalf of Plaintiff and the Texas Telephone Solicitation Registration Class)**

64. Plaintiff repeats and re-alleges paragraphs 1 through 55 of this Complaint and incorporates them by reference herein.

65. The Texas Business and Commerce Code requires sellers to obtain a registration certificate from the Secretary of State in order to make telephone solicitations inside the State of Texas or to residents located in the State of Texas. Tex. Bus. & Com. Code § 302.101.

66. "Telephone solicitation" means a "a call or other transmission, including a transmission of a text or graphic message or of an image, initiated by a seller or salesperson to induce a person to purchase, rent, claim, or receive an item. The term includes a telephone call a purchaser makes in response to a solicitation sent by mail or made by any other means." Tex. Bus. & Com. Code § 302.001(7).

67. Defendant is a "seller" as defined under Tex. Bus. & Com. Code § 302.001(5), as it made telephone solicitations on its own behalf.

68. Defendant has never held a valid telephone solicitation registration certificate from the Texas Secretary of State.

69. No exemption under Chapter 302 applies to the telephone solicitations at issue.

70. The foregoing acts and omissions of Defendant and/or its affiliates or agents constitute multiple violations of Tex. Bus. & Com. Code § 302.101, by making unregistered telephone solicitations to Plaintiff's and the Texas Telephone Solicitation Registration Class's cellular telephone numbers without a valid registration certificate.

71. Plaintiff and the Texas Telephone Solicitation Registration Class are entitled to an award of all reasonable costs of prosecuting the action, including court costs, investigation costs, deposition expenses, witness fees, and attorney's fees. Tex. Bus. & Com. Code § 302.302(d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b) A declaration that Defendant's practices described herein violate the TCPA and the TBCC;

c) An injunction requiring Defendant to cease all text message solicitations to numbers on the Do Not Call Registry, to cease making telephone solicitations in Texas without a valid registration certificate, and to otherwise protect the interests of the Classes;

d) An award of actual and statutory damages for Plaintiff and each member of the Classes;

e) Such further and other relief as the Court deems necessary.

**JURY DEMAND**

Plaintiff and Class Members hereby demand a trial by jury.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: October 30, 2026

Respectfully submitted,

**Shamis & Gentile, P.A.**
*/s/ Christopher Berman*
Christopher Berman, Esq.
cberman@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

*Counsel for Plaintiff and the Classes*